[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10789
Non-Argument Calendar
_____

D.C. Docket No. 7:18-cv-01389-KOB-GMB

JAMES EDWARD WALLACE,

                                                          Petitioner-Appellant,

versus

ATTORNEY GENERAL OF THE STATE
OF ALABAMA,
WARDEN, III,

                                                          Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 15, 2020)

Before WILSON, ROSENBAUM and NEWSOM, Circuit Judges.

PER CURIAM:

James Wallace, proceeding *pro se*, appeals the district court's order dismissing his 28 U.S.C. § 2254 petition to vacate his sentence. The state has responded by filing a motion for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a prisoner is generally entitled to file only one § 2254 petition. *See* 28 U.S.C. § 2244(b). When a prisoner has previously filed a § 2254 petition, he must apply for permission from the appellate court before filing a second or successive § 2254 petition. *Id.* § 2244(3)(A). Absent the appellate court's permission, the district court lacks jurisdiction to address the motion, and it must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

Here, there is no substantial question that Wallace filed an unauthorized and successive § 2254 petition. *See Groendyke Transp., Inc*, 406 F.2d at 1162. Wallace previously filed a § 2254 petition, challenging the same convictions, before filing the instant petition without demonstrating permission from this Court to file a second or successive petition. Therefore, the district court lacked jurisdiction to address Wallace's petition. *See Burton*, 549 U.S. at 152-53. Accordingly, because there is no substantial question that the district court properly dismissed Wallace's petition as an unauthorized successive petition, we GRANT the state's motion for summary affirmance and DENY as moot the state's motion to stay the briefing schedule. *See Groendyke Transp., Inc*, 406 F.2d at 1162.